**Ernesto FRANCO, Plaintiff–Appellant,**

v.

**A. SANTAMAS, et al., Defendants–Appellees.**

**No. 01–3803.**

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

Ernesto Franco, a pro se federal prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon

examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Franco sued his case manager at the prison seeking to have his classification as an "alien" removed from his prison files so that he would be eligible for placement in a prison camp. The district court dismissed the complaint pursuant to 28 U.S.C. § 1915A. A timely motion for reconsideration under Fed.R.Civ.P. 59 was also denied by the district court.

On appeal, Franco argues that he has exhausted his available administrative remedies and that the district court should have addressed the merits of his claim. He asserts that his classification as an "alien" violates prison policy and his constitutional rights.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Initially, we note that although the complaint was filed pursuant to 42 U.S.C. § 1983, because Franco sued a federal employee, the complaint is construed as being filed under *Bivens. See Wagner v. Metro. Nashville Airport Auth.,* 772 F.2d 227, 230 (6th Cir.1985).

Franco apparently feels that the district court did not understand that he had exhausted his available administrative remedies. However, the district court explicitly notes on page two of its opinion that Franco had exhausted his available administrative remedies. Therefore, Franco's argument that the district court did not understand that he had exhausted his administrative remedies is without merit.

The complaint was properly dismissed as Franco could prove no set of facts that would entitle him to relief. *See Mayer v.*

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

*Mylod,* 988 F.2d 635, 638 (6th Cir.1993). There is no constitutional right to any particular custody classification, *see Beard v. Livesay,* 798 F.2d 874, 876 (6th Cir. 1986), and no limitations have been placed on the discretion of federal prison officials in determining a custody classification which could give rise to a liberty interest. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976); *Miller v. Henman,* 804 F.2d 421, 424–27 (7th Cir.1986). Therefore, Franco's challenge to his classification by his case manager is meritless.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.